ELECTRONIC CITATION: 2011 FED App. 0007P (6th Cir.)
File Name: 11b0007p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:<br>   BOYD WAYNE ROWE AND<br>   LINDA LOU ROWE,<br><br>        Debtors.<br><br>J. JAMES ROGAN,<br><br>        Plaintiff-Appellee,<br><br>        v.<br><br>FIFTH THIRD MORTGAGE COMPANY,<br><br>        Defendant-Appellant. | No. 10-8050 |

Appeal from the United States Bankruptcy Court
for the Eastern Division of Kentucky, at Lexington.
No. 09-53453; 10-8050.

Argued: May 3, 2011

Decided and Filed: June 24, 2011

Before: BOSWELL, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

___

### COUNSEL

**ARGUED:** John P. Brice II, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellant. Jon Jay Lieberman, ATKINSON, SIMMS & KERMODE PLLC, Lexington, Kentucky, for Appellee. **ON BRIEF:** John P. Brice II, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellant. J. D. Kermode, ATKINSON, SIMMS & KERMODE PLLC, Lexington, Kentucky, for Appellee.

## OPINION

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. This is an appeal from an order granting summary judgment to the Chapter 7 Trustee (the "Trustee") and denying summary judgment to Fifth Third Mortgage Company ("Fifth Third") on the Trustee's complaint pursuant to 11 U.S.C. § 544 seeking to avoid the mortgage held by Fifth Third on real property owned by the Debtors.

### I. ISSUES ON APPEAL

This appeal raises the issue of what is necessary to create a valid, enforceable mortgage against a person's interest in real property when that person is not personally liable on an obligation, but rather is making his or her interest in real property available as collateral to a lender for the benefit of that person's spouse.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel (the "BAP") of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky, Lexington Division has authorized appeals to the BAP and none of the parties elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A bankruptcy court's final order may be appealed as of right. 28 U.S.C. § 158(a)(1), (b)(6) and (c)(1). For purposes of an appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Ashpalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order granting the Trustee's motion for summary judgment and denying Fifth Third's motion for summary judgment is a final order. *See Thomas v. United States,* 166 F.3d 825, 828 (6th Cir. 1999) (The denial of summary judgment presented together with an appeal from a grant of summary judgment is final and appealable).

The bankruptcy court's final order granting the Trustee's motion for summary judgment and denying Fifth Third's motion for summary judgment is reviewed *de novo*, using the same standard applied by the trial court. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 595-96 (6th Cir.

2001). Thus, the appellate court decides the issues of law independently of, and without deference to, the trial court's determinations. *Drown v. Nat'l City Bank (In re Ingersoll)*, 420 B.R. 414, 415 (B.A.P. 6th Cir. 2009). The bankruptcy court's findings of fact are reviewed under the clear-error standard. *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 433 (6th Cir. 2004). Summary judgment on issues of contract interpretation, which are ordinarily considered to be matters of law, is permissible when the language of the contract is unambiguous. *Royal Insurance Co. of Amer. v. Orient Overseas Container Line Ltd.*, 525 F.3d 409, 421-422 (6th Cir. 2008); see also *B.F. Goodrich Co.*, 245 F.3d at 595-96. Cross-motions for summary judgment do not alter this standard. *See Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E.*, 615 F.3d 45, 51 (1st Cir. 2010).

### III. FACTS

Boyd Wayne Rowe and Linda Lou Rowe ("Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 30, 2009. The Debtors own and have title to real property located at 115 Juniper Drive, Waynesburg, Kentucky ("Property").

Prior to the Petition Date, Boyd Wayne Rowe borrowed $85,000 from Fifth Third. This loan was reflected by a promissory note signed only by Boyd Wayne Rowe, as "Borrower." The term "Note" is defined in the Mortgage as the promissory note signed by Borrower and dated November 11, 2005.

On the same date, a mortgage granting Fifth Third a mortgage on the Property was executed ("Mortgage"). The last paragraph of the Mortgage provides, "By signing below, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it." The signature block for the Mortgage consists of several lines under which the word "Borrower" is pre-printed. Under one of those lines, Boyd W. Rowe's name is pre-printed along with the word Borrower. His signature appears above that line. In addition, Linda Lou Rowe's signature appears above one of the lines, underneath which her hand-printed name and the pre-printed word "Borrower" appear.

Paragraph B of the Definition section of the Mortgage defines "Borrower" as "Boyd W. Rowe, a married man. Borrower is the mortgagor under this Security Instrument."

"Security Instrument" is defined in the body of the Mortgage to mean "this document, which is dated November 11, 2005 together with all Riders to this document."

A Second Home Rider was executed in conjunction with the Note and Mortgage. The Second Home Rider does not contain a definition section, but provides that the Second Home Rider "is incorporated into and shall be deemed to amend and supplement the Mortgage . . . of the same date given by the undersigned (the 'Borrower' whether there are one or more persons undersigned)." On the last page of the Second Home Rider, Boyd W. Rowe's signature appears above a line with his name and the word "Borrower" pre-printed underneath. In addition, Linda Lou Rowe's signature appears on the last page of the Second Home Rider above a line with her name hand-printed and the word "Borrower" pre-printed underneath.

Paragraph 13 of the Mortgage provides, "Joint and Several Liability; Co-signers and Assigns Bound. . . ., any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signers interest in the Property under the terms of the Security Instrument."

The Property was described in Schedule C to the Mortgage as property commonly known as 115 Juniper Drive, Waynesburg, Kentucky and "being the same property as conveyed to Boyd W. Rowe and Linda L. Rowe by Deed recorded 10/16/03."

The Mortgage and Second Home Rider were recorded in the records of the Lincoln County, Kentucky Clerk's Office.

On March 4, 2010, the Trustee commenced an adversary proceeding by filing a complaint against Fifth Third seeking to avoid, pursuant to § 544, the Mortgage as to Linda Lou Rowe's interest in the Property because "Linda Lou Rowe is not named or identified as a mortgagor or borrower in the body of the mortgage."

On June 10, 2010, Fifth Third filed a motion for summary judgment arguing that there are no genuine issues of material fact and asking for judgment as a matter of law. Fifth Third argued that by virtue of her signature on the Second Home Rider, Linda Lou Rowe was specifically and/or sufficiently identified as a borrower to allow the Mortgage to withstand the Trustee's challenge under Kentucky law. On June 14, 2010, the Trustee filed a cross motion for summary judgment

arguing that Linda Lou Rowe is not identified or defined as a borrower in the body of the Mortgage. Therefore, according to the Trustee's interpretation of Kentucky law, the Mortgage is not enforceable against her interest in the Property.

The bankruptcy court granted judgment as a matter of law to the Trustee, reasoning that because Linda Lou Rowe was not specifically named as a borrower in the body of the Mortgage, the Mortgage, as it pertains to her interest in the Property, would not have priority over a judgment lienholder or a bona fide purchaser under Kentucky law. The bankruptcy court's decision was based on its rejection of Fifth Third's arguments that, under Kentucky law, mortgagors need only be sufficiently identified and such identity can be extrapolated from the Second Home Rider. Fifth Third appealed this decision.

## IV. DISCUSSION

Section 544(a) of the Bankruptcy Code provides,

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> ..., or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(1) and (3).

In this case, the Trustee argues that Linda Lou Rowe was not identified as a borrower or mortgagor and, therefore, the Trustee, as a hypothetical judgment lien creditor or a bona fide

-5-

purchaser, can avoid Fifth Third's Mortgage with respect to Linda Lou Rowe's interest in the Property.

The relative property interests of the Debtors, the Trustee and Fifth Third in the Property are determined by state law. *See Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006). In this case, Kentucky law controls, because the Property is located in Kentucky and the Mortgage provides that it shall be governed by the law of the jurisdiction in which the Property is located.

Under Kentucky law, a bona fide purchaser of real property is put on constructive notice of a prior interest in property by the presence of a recorded deed or mortgage acknowledged according to law. Ky. Rev. Stat. Ann. § 382.270. To be effective, a mortgage must be signed at the end of the document by the party to be charged with it. Ky. Rev. Stat. Ann. §§ 371.010 and 446.060(1); *State St. Bank & Trust Co. of Boston v. Heck's, Inc.*, 963 S.W.2d 626 (Ky. 1998). In addition, courts interpreting Kentucky law have found that a mortgage signed and acknowledged by a person not named or sufficiently identified in the body of the mortgage is ineffective and does not create a valid lien against the person's land. *Goodrum's Guardian v. Kelsey*, 50 S.W.2d 932 (Ky. 1932); *Deins' Adm'r v. Gibbs*, 78 S.W.2d 346 (Ky. 1935) (finding a mother's signature on a chattel mortgage that she was not named in and that related to her child's purchase of an automobile in which the mother did not take title was not sufficient to create a valid mortgage).

For a mortgage to be enforceable, the identity of the mortgagors must be readily ascertainable from a review of the entire instrument. As the Kentucky Supreme Court noted in *Kelsey*, 50 S.W.2d at 934,

> It is the law of this state that a deed, and for the same reason a mortgage, is not valid as to one who is not named or identified in some way as grantor or mortgagor, although he may sign and acknowledge the instrument. *Hatcher v. Andrews*, 5 Bush, 561; *Parsons v. Justice*, 163 Ky. 737, 174 S. W. 725; *Stephens v. Perkins*, 209 Ky. 651, 273 S. W. 545; *Shaver v. Ellis*, 226 Ky. 806, 11 S.W.(2d) 949. Not only so, but we held in *Hall v. Ditto*, 12 S. W. 941, 11 Ky. Law Rep. 667, that a deed did not bind one who, without being named as grantor, signed and acknowledged it while a minor, and reacknowledged it after attaining her majority, and did not estop her from claiming the land. There is no reason why the same rule does not apply to Nolen Kelsey, who did not sign and acknowledge the mortgage during his minority, but did sign it after he became of age.

In the earlier case of *Shaver v. Ellis*, 11 S.W.2d 949, 952 (Ky. 1928), the Kentucy Supreme Court explained:

> ["]If, however, the identity of the grantor is certain from a consideration of the entire instrument, it is sufficient, although he is not named in the premises nor in the granting clause. * * * Further it is not essential that the grantors be described by name where they are otherwise so described as to be identified." In 8 R. C. L. 935, the rule is stated thus: "It is sufficient, in general, that there be parties able to contract and be contracted with, a proper subject matter sufficiently described, a valid consideration, apt words of conveyance, and an instrument of conveyance duly sealed and delivered. Even the omission of all or any of the formal parts of a deed does not destroy its validity, where enough appears on its face to show that those having an interest intend to convey it, and they join in sealing the instrument, it being sufficient if the matter written is legally set forth in an orderly manner by words which clearly specify the agreement and meaning of the parties and bind them."

Admittedly, Linda Lou Rowe was not identified in the definition section of the Mortgage as a Borrower, but the Second Home Rider and paragraph 13 of the Mortgage raise a question as to whether Linda Lou Rowe was sufficiently identified, upon consideration of the entire instrument, such that the recorded Mortgage could not be avoided by a hypothetical judicial lien creditor or bona fide purchaser under Kentucky law. The bankruptcy court did not consider this documentation in its decision.

The bankruptcy court erroneously held that a mortgagor's identity cannot be incorporated from a rider to a mortgage. The Bankruptcy court relied on *Whitaker v. Langdon,* 195 S.W.2d 285, 287 (Ky. 1946), for the proposition that "[i]t is fundamentally necessary that a conveyance shall use the specific names of its grantors in the body of the instrument in order to pass valid title out of such grantors." *Whitaker,* 195 S.W.2d at 287. In support, *Whittaker* cited *Goodrum's Guardian v. Kelsey,* 50 S.W.2d 932, but that case does not support the proposition. The court in *Kelsey* required that the grantor be "named or identified in some way as mortgagor." *Kelsey,* 50 S.W.2d at 934. Moreover, *Kelsey* does not address whether the identity of the mortgagor can be incorporated from a rider to a mortgage. *Id.*

In addition, the bankruptcy court cited *Consol. Aluminum Corp. v. Krieger,* 710 S.W.2d 869, 872 (Ky. Ct. App. 1986), for the proposition that any matters contained after the signature line of an instrument are not a part of that instrument. That case, however, did not sound a death knell for the

doctrine of incorporation by reference in Kentucky. On the contrary, terms and conditions can be incorporated by reference in Kentucky, so long as any incorporating language appears above the signature line of the contract. *Id.* at 873.

In this case, the Mortgage defines "Security Instrument" to include the terms of the Second Home Rider. ("Security Instrument" is defined in the body of the Mortgage to mean "this document, which is dated November 11, 2005 together with all Riders to this document" and "Riders" is defined to mean the Second Home Rider.) Although Linda Lou Rowe may not be listed as a "Borrower" in the definition section of the Mortgage, she did sign the Mortgage below the definition of the term Security Instrument. She also signed the Second Home Rider below the language of the Second Home Rider, which provided that its terms were meant to "amend and supplement" the terms of the Mortgage and defined the undersigned, meaning Linda Lou Rowe and her husband, as a "Borrower." It appears akin to language that incorporates terms and conditions listed on the back side of a commercial document. *See, e.g., Childers & Venters, Inc. v. Sowards*, 460 S.W.2d 343 (Ky. 1970); *Bartelt Aviation, Inc. v. Dry Lake Coal Co., Inc.*, 682 S.W.2d 796 (Ky. Ct. App. 1985). Therefore, under Kentucky law, the terms of a rider can be incorporated into a mortgage.

We conclude that under Kentucky law, viewing the documents together as a whole, Linda Lou Rowe was sufficiently identified as a mortgagor. There was no suggestion in the bankruptcy court record that it is not Linda Lou Rowe's signature on the documents, nor was there a suggestion of any other reason for which she might have signed the documents. Because this proceeding was before the bankruptcy court on cross-motions for summary judgment, the evidence is undisputed, and the documents are not ambiguous, the BAP concludes it is appropriate to determine as a matter of law, in this case, that Linda Lou Rowe is a mortgagor such that the Mortgage is enforceable against her interest in Property.

## V. CONCLUSION

The bankruptcy court erred as a matter of law when it failed to consider the Second Home Rider in making its determination otherwise, and in granting summary judgment to the Trustee and denying summary judgment to Fifth Third. Accordingly, the order of the bankruptcy court is reversed and this matter is remanded to the bankruptcy court with instructions to enter judgment for Fifth Third.